Johnida White-Barnes appeals the judgment of the Ross County Court of Common Pleas denying her motion for a new trial. White-Barnes contends that the trial court abused its discretion by failing to grant her a new trial pursuant to Crim.R. 33(A)(2), because the state's key witness engaged in misconduct pursuant to Crim.R. 33(A)(2). We disagree, because the record fails to reveal that White-Barnes was prejudiced or denied a fair trial by the witnesses' misconduct.
Accordingly, we affirm the judgment of the trial court.
 I.
In October 1997, the Ross County Grand Jury indicted White-Barnes with one count of assault, in violation of R.C.2903.13. At trial, the testimony showed that in September 1997, the Ross County Sheriff's Department placed White-Barnes under arrest for failing to appear in the Chillicothe Municipal Court. Four witnesses, including Ross County Deputy Sheriff Crystal Ryan, testified that during booking procedure at the jail, White-Barnes attacked Deputy Ryan, beat her head and shoulders with a sandal, and threatened to kill her. After two other deputies restrained White-Barnes and put her in a cool-out chair in a holding cell, White-Barnes bragged that she beat up Deputy Ryan.
White-Barnes admitted that an altercation between herself and Deputy Ryan took place, but presented a defense that Deputy Ryan acted as the initial aggressor. During White-Barnes' cross-examination of Deputy Ryan, Deputy Ryan stated that she had never been involved in an altercation of a similar nature in the jail. The jury returned a guilty verdict and the trial court found White-Barnes guilty of assault.
White-Barnes filed a Crim.R. 33 motion for a new trial, arguing that Deputy Ryan engaged in misconduct when she testified that she had not been a victim of a similar assault in the jail. Therefore, White-Barnes argued that Deputy Ryan materially affected White-Barnes' substantial rights. White-Barnes supported her motion with her counsel's affidavit. Counsel averred that during trial, he knew that a similar incident occurred involving Deputy Ryan, but could not impeach Deputy Ryan because he did not know the prior defendant's name. After trial, counsel discovered that Deputy Ryan filed a similar assault complaint against Michael Hutchins just prior to the incident with White-Barnes.
The trial court overruled the motion and sentenced White-Barnes to four months incarceration. White-Barnes appeals the judgment of the trial court, asserting the following assignment of error for our review:
 I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR A NEW TRIAL.
 II.
In her only assignment of error, White-Barnes argues that the trial court erred in overruling her motion for a new trial because Deputy Ryan's testimony constituted prejudicial witness misconduct under Crim.R. 33(A)(2). The state argues that the trial court did not abuse its discretion by overruling White-Barnes' motion for a new trial because any misconduct on the part of Deputy Ryan was irrelevant to White-Barnes' conviction.
A trial court may grant a defendant a new trial if the misconduct by a witness for the state materially affects the substantial rights of a defendant. Crim.R. 33(A)(2). When the perjured testimony of a police officer substantially contributes to the conviction of a defendant, the officer's testimony is sufficiently prejudicial to the trial process to warrant a new trial. State v. DeFronzo (1978), 59 Ohio Misc. 113; see Crim.R. 33(E)(5).
A motion for a new trial is within the sound discretion of the trial court, and will not be disturbed absent an abuse of that discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.In re Jane Doe 1 (1991), 57 Ohio St.3d 135. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re JaneDoe 1, supra.
Although we find that White-Barnes established misconduct on the part of Deputy Ryan, we find no evidence to show that Deputy Ryan's misconduct prejudiced White-Barnes by substantially contributing to her conviction. Besides the testimony of Deputy Ryan, the state presented four other witnesses who testified that they observed White-Barnes attacking Deputy Ryan, and that White-Barnes instigated the attack. In light of such overwhelming evidence that White-Barnes instigated the attack against Deputy Ryan, we cannot find that Deputy Ryan's single incident of misconduct prejudiced White-Barnes or prevented her from having a fair trial. Therefore, we cannot say that the trial court abused its discretion by failing to grant White-Barnes a new trial. As such, we overrule White-Barnes' sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.